Judgment of the court of sessions of Erie county, affirming the judgment of the police court of the city of Buffalo, reversed, and the defendant discharged. All concur.

---

## In re McGORRAY'S ESTATE.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

EXECUTORS—ACCOUNTING—REHEARING.

Under Code Civil Proc. § 2481, subd. 6, empowering a surrogate to open, vacate, or modify a decree of his court, to grant a new hearing for newly-discovered evidence, or other sufficient cause, a petition by an executor for a rehearing in his final accounting, and for relief from a decree entered therein, will be granted where, after such final accounting, judgment is recovered against the executor on a bill of sale from decedent of all the personal property with which the executor had charged himself in his accounts.

Appeal from surrogate's court, Monroe county.

Final judicial settlement of the accounts of Bernard McGorray as executor of the last will and testament of John A. McGorray, deceased. From an order of the surrogate's court denying his motion to open the final decree, the executor appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*James S. Garlock,* for appellant. *W. A. Sutherland,* for respondents.

MACOMBER, J. The appellant, the executor of the last will of John A. McGorray, had, some time prior to presenting this petition, rendered his account to the surrogate of Monroe county, showing that he had received the sum of $4,947.41, and, after deducting expenses, payments, etc., there remained in his hands the sum, for distribution, of $3,251.92. The surrogate, upon settling the accounts in accordance with the statement made by the executor, directed that the sum in the executor's hands, less his fees, should be turned into the county treasury for the benefit of the respondents, the minor children of the deceased. This payment into the county treasury was not made by the executor; but shortly after the filing of the accounts, and before the entry of the decree thereon, he was apprised of an outstanding claim by the presentation to him of a bill of sale of all the personal property of the deceased with which he had charged himself in his accounts, and which it was claimed was executed in his lifetime by the deceased to the claimants Catherine and Mary J. McGorray. An action was in fact begun by Catherine and Mary J. McGorray in the supreme court against this executor for such property before the final accounting was completed. That action resulted, in January, 1892, in a judgment in favor of Catherine and Mary J. McGorray against the executor. Thereupon this petition was filed for a rehearing of the case before the surrogate, and for relief from the decree heretofore entered in this mat~r. The learned surrogate, while denying the motion, permitted it to be renewed. Upon what ground this part of the order was made we are unable to say, for there does not seem to have been any defect in the moving papers, or any omissions which might be supplied by additional papers. But this part of the order shows quite clearly that the surrogate had not, as a matter of discretion, refused to open the decree. The power of the surrogate in the premises, under subdivision 6 of section 2481 of the Code of Civil Procedure, is undoubted. By this statute he is empowered to open, vacate, or modify a decree of his court, to grant a new trial or a new hearing, for fraud, newly-discovered evidence, clerical errors, or other sufficient cause. There is an intimation in the brief of the learned counsel for the respondents

that the action in the supreme court was a collusive one, and that for such reason the motion should have been denied. Such inquiry would, indeed, be proper upon the hearing before the surrogate upon the merits; and, if it is shown that such suit were collusive and fraudulent, it would naturally follow that the application to open the former decree would be denied. But this matter must be determined as a question of fact upon the evidence adduced upon the rehearing, and not as a mere matter of inference to be drawn by the course of the proceedings animadverted upon by counsel. On the whole, it appears to us that the rehearing sought for ought to be had, and, consequently, that the decree appealed from should be reversed.

Decree appealed from reversed, with costs of this appeal to abide the final award of costs. All concur.